## HILLMAN HARDWARE CO. *v.* DIETZ.

1. SALES—SUBSTITUTED GOODS—PLACE OF DELIVERY.

Where part of certain building material and fixtures furnished by plaintiff to defendant for a barn were admitted to be unsuitable, without particular fault of either party, and plaintiff acquired, but had not delivered, others to replace the unsuitable ones, in a suit for the purchase price, *held,* that it was defendant's admitted right to have the new goods delivered at plaintiff's place of business, but not without first returning those for which they were to be substituted.

2. SAME—SUBSTITUTED GOODS—DELIVERY—DIRECTED VERDICT.

While it cannot be told, until the experiment is made, whether the substituted parts will go with and fit those already furnished and in place, where both parties are standing upon their strict rights, and the evidence that the parts ordered are proper ones was uncontradicted, a verdict for plaintiff was properly directed by the court below.

Error to Ottawa; Cross, J. Submitted January 11, 1918. (Docket No. 59.) Decided March 27, 1918.

Assumpsit by the Hillman Hardware Company against Louis F. Dietz on a promissory note. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Lillie, Lillie & Lillie,* for appellant.

*Dean S. Face,* for appellee.

OSTRANDER, C. J. The testimony tends to prove that plaintiff sold to defendant and delivered to him certain personal property—principally building material and fixtures for a barn or barns. A promissory note was made by defendant, payable to plaintiff, for some of the debt incurred, and an open account, kept by plaintiff, evidences the remainder. It turned out that, without the particular fault of either party, rather by inadvertence, some of the fixtures ordered and delivered were not suitable—did not fit or suit the particular job—and that upon defendant's representations others were ordered from the manufacturer, who sent them to the plaintiff, which has them in its possession, ready to be delivered to defendant, without charge, whenever he returns the material and fixtures in place of which they were ordered. Defendant has demanded the new material and fixtures without returning, or offering to return, the property which he claims was unsuitable and to replace which the other was acquired by plaintiff, and upon the merits his defense is that the goods originally agreed to be furnished have not all been furnished and those furnished are useless to him until the substituted and later ordered parts are furnished. Out of these conditions defendant's alleged damages have arisen. This defense involves the proposition that it cannot be told until the experiment is made whether the new parts in plaintiff's possession will go with and fit into those already furnished and in place so as to properly com-

plete the job, the evidence that they are proper parts, at least are those ordered by defendant, being, however, uncontradicted. The parties are standing upon their strict rights. Under the arrangement of the parties, it is not defendant's right to have the new parts delivered at his barn. As matter of law, it is not his right to acquire possession of them without returning those for which they are substituted. It is his admitted right to have the new material delivered at plaintiff's place of business upon the return of that first furnished. This being the law, it is not made to appear that the defendant, because of any fault of the plaintiff, has suffered any loss or injury. This was the ruling of the circuit court, a verdict for plaintiff being directed. It is doubtful if this ruling is properly challenged in the errors assigned and in argument. However, it was right and disposes of the case.

The judgment is affirmed.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.